IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 7, 2013


**WILLIAM T. BRYANT v. STATE OF TENNESSEE**


**Direct Appeal from the Circuit Court for Obion County**
**No. CC-12-CR-57      William B. Acree, Jr., Judge**

_____


**No. W2013-00233-CCA-R3-CO  - Filed June 27, 2013**

_____


The petitioner, William T. Bryant, filed a petition to test DNA evidence pursuant to the Post-Conviction DNA Analysis Act of 2001.  The post-conviction court denied the petition, and the petitioner appeals.  Upon review, we affirm the judgment of the post-conviction court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**


NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.


William T. Bryant, Pikeville, Tennessee, pro se.


Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Thomas A. Thomas, District Attorney General; and James T. Cannon, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**


        The petitioner was convicted by an Obion County Circuit Court Jury of three counts of rape of a child, and he received three, concurrent, fifteen-year sentences.  This court affirmed his convictions and sentences.  State v. William Thomas Bryant, No. W2007-01340-CCA-R3-CD, 2009 WL 103967, at *1 (Tenn. Crim. App. at Jackson, Jan. 9, 2009).  Thereafter, the petitioner pursued post-conviction relief, "alleging his convictions resulted from an unconstitutional jury and the ineffective assistance of counsel."  William Bryant v. State, No. W2010-02530-CCA-R3-PC, 2011 WL 2899068, at *1 (Tenn. Crim. App. at Jackson, July 20, 2011), perm. to appeal denied, (Tenn. 2011).  The post-conviction court denied relief, and on appeal, this court affirmed the decision.  Id.

Subsequently, the petitioner filed a pro se petition, raising additional grounds for post-conviction relief and requesting testing of DNA evidence pursuant to the Post-Conviction DNA Analysis Act of 2001. Specifically, the petitioner sought testing of the victims' "clothing and underwear, blood, fibers, loose hairs, swabs of suspected semen, saliva, and including head and pubic hairs, vaginal/cervical swabs and smears." The post-conviction court entered an order denying the petitioner's post-conviction claims but giving petitioner "thirty (30) days from the date of filing this order within which to allege any specific evidence that would be analyzed for DNA purposes."

Afterward, the petitioner filed a pro se motion for post-conviction DNA testing of

> patient's clothing and underwear, blood, fibers, loose hairs, swabs of suspected semen, saliva and including head and pubic hairs, vaginal and cervical swabs and smears, kit collected chlamydia cx, pcr probe site: UrineHCG/Blood screen, VDRL/RPR, collect physical and biological evidence: Incl[u]ding hair combings, developmental, presentation, and injury photographs, body fluid samples, scraping[ of] finger nails, and collection of clothing or other items containing potential evidence . . . .

In response, the State filed an answer, maintaining that

> [t]he crimes occurred on November 24, 2004 but were not discovered until January 5, 2005 with the resulting sexual assault examinations not taking place until January 7, 2005 with one victim and January 11, 2005 with the other victim. While there were physical findings consistent with penetration of both victims, there was by the time of the examinations no DNA evidence due to the passage of forty-four days in the case of one victim and 48 days in the case of the other victim.

Accordingly, the State asserted that no evidence existed for DNA testing.

The post-conviction court filed an order, appointing counsel "to review the transcript of the evidence to determine whether or not there is any evidence of DNA testing." Thereafter, post-conviction counsel filed a notice, asserting "that after investigating the allegation of the Petitioner[,] that there is no need to file an amended petition to this cause." Post-conviction counsel stated that none of the items requested by the petitioner "were collected as part of the initial investigation or taken into evidence, due to the fact that the

crime was not discovered until approximately six weeks after it had allegedly occurred." Post-conviction counsel stated that the petitioner's trial counsel had advised him "that there were absolutely no articles of clothing to be tested due to the delay of time between the allegations and the time of investigation . . . [and] that there was no DNA evidence to be tested or presented at trial." Trial counsel advised "that the delay in the reporting of the crime prevented the possibility of the presence of DNA on the victims and the articles of clothing worn on the day of the alleged crime were not available for anyone to test[,] including the State of Tennessee." In sum, post-conviction counsel stated that there "is no DNA evidence available to be tested."

The post-conviction court accredited the statements made by post-conviction counsel and dismissed the petition for post-conviction DNA testing. On appeal, the petitioner contests this ruling.

## II. Analysis

The Post-Conviction DNA Analysis Act of 2001 provides that

> a person convicted of and sentenced for the commission of first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child, the attempted commission of any of these offenses, any lesser included offense of these offenses, or, at the direction of the trial judge, any other offense, may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-303. A post-conviction court is obligated to order DNA analysis when the petitioner has met each of the following four conditions:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
>
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

-3-

(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-304.

In the instant case, the petitioner's post-conviction counsel asserted that there was no evidence available, noting that the crimes were discovered approximately six weeks after they occurred. The petitioner has not been able to show that any specific evidence exists and is available for DNA testing. See Eric Tolley v. State, No. W2011-01816-CCA-MR3-PC, 2012 WL 5295178, at *3 (Tenn. Crim. App. at Jackson, Oct. 25, 2012).

## III.  Conclusion

In sum, because the petitioner has failed to establish the four factors required for post-conviction DNA analysis testing, we conclude that the post-conviction court did not err by dismissing his petition. Accordingly, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE